# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1653-18T2

D.S.,

    Plaintiff-Respondent,

v.

G.S.,

    Defendant-Appellant.

_____

Submitted October 28, 2019 – Decided November 12, 2019

Before Judges Fasciale and Mitterhoff.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Morris County, Docket No. FV-14-0271-19.

Kassem & Associates, PC, attorneys for appellant (Nabil N. Kassem and Dominique J. Carroll, on the brief).

Respondent has not filed a brief.

PER CURIAM

Defendant (the husband) appeals from an October 31, 2018 final restraining order (FRO) entered against him—while divorce proceedings were pending—in favor of his wife (plaintiff) under the Prevention of Domestic Violence Act of 1991 (PDVA), N.J.S.A. 2C:25-17 to -35. Judge Frank J. DeAngelis conducted the FRO hearing, entered the FRO, and rendered an oral opinion. We affirm.

On October 8, 2018, plaintiff obtained a temporary restraining order (TRO) against defendant, alleging harassment. The TRO ordered defendant to cease all contact with plaintiff. Days later, defendant allegedly violated the TRO by communicating with her. At the FRO hearing, the judge found that plaintiff was credible, that defendant harassed her,[1] and that the FRO was necessary to protect her from immediate harm.

On appeal, defendant raises the following point for this court's consideration:

> POINT I
> AS A MATTER OF LAW, THE [JUDGE] ERRONEOUSLY GRANTED [PLAINTIFF] [AN FRO,] AS THE [JUDGE'S] FINDINGS WERE NOT BASED ON SUFFICIENT EVIDENCE AND PLAINTIFF

---

[1] The judge found that plaintiff failed to show the additional predicate act of contempt because it was unclear whether plaintiff initiated the communications with defendant following the TRO's entry.

2

FAILED TO ESTABLISH [AN FRO] WAS NECESSARY TO PREVENT IMMEDIATE HARM.

This court reviews a trial judge's factual findings for abuse of discretion. Cesare v. Cesare, 154 N.J. 394, 412 (1998). A judge's factual findings are binding on appeal when supported by "adequate, substantial, credible evidence." Id. at 411-12. Because Family Court judges have expertise in family law and special jurisdiction, we defer to the judge's factual findings and conclusions of law unless they are "'manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'" Id. at 412. (quoting Rova Farms Resort, Inc., v. Inv. Ins. Co. of Am., 65 N.J. 474, 484 (1974)). Questions of law are reviewed de novo. D.W. v. R.W., 212 N.J. 232, 245-46 (2012).

We give deference where the evidence at trial is largely testimonial and hinges upon the judge's ability to assess credibility. Cesare, 154 N.J. at 412. A judge's decision to grant or deny an FRO is entitled to substantial deference and should not be reversed unless there is a clear abuse of discretion. U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467-68 (2012). "[A] trial [judge's] evidentiary rulings are 'entitled to deference absent a showing of an abuse of discretion[.]'" State v. Brown, 170 N.J. 138, 147 (2001) (quoting State v. Marrero, 148 N.J. 469, 484 (1997)). As such, "an appellate court should not

substitute its own judgment for that of the trial [judge], unless the trial [judge's] ruling was so wide of the mark that a manifest denial of justice resulted." <u>Ibid.</u> (internal quotation and citation omitted).

In considering whether to grant an FRO, a judge must engage in a two-step analysis. <u>Silver v. Silver</u>, 387 N.J. Super. 112, 125-26 (App. Div. 2006). "First, the judge must determine whether the plaintiff has proven, by a preponderance of the credible evidence, that one or more of the predicate acts set forth in N.J.S.A. 2C:25-19[(a)] has occurred." <u>Id.</u> at 125. Secondly, the judge must find that a restraining order is necessary to provide protection for the victim. <u>Id.</u> at 126-27.

A.

Addressing the first <u>Silver</u> prong, plaintiff asserted defendant harassed her. Harassment is a predicate act for domestic violence. N.J.S.A. 2C:25-19(a). A person is guilty of harassment where, "with purpose to harass another," he or she:

> a. Makes, or causes to be made, a communication or communications anonymously or at extremely inconvenient hours, or in offensively coarse language, or any other manner likely to cause annoyance or alarm;
>
> b. Subjects another to striking, kicking, shoving, or other offensive touching, or threatens to do so; or

> c. Engages in any other course of alarming conduct or of repeatedly committed acts with purpose to alarm or seriously annoy such other person.
>
> [N.J.S.A. 2C:33-4(a) to (c).]

A judge may use "[c]ommon sense and experience" when determining whether a defendant intended to harass a victim. State v. Hoffman, 149 N.J. 564, 577 (1997). "Although a purpose to harass can be inferred from a history between the parties, that finding must be supported by some evidence that the actor's conscious object was to alarm or annoy; mere awareness that someone might be alarmed or annoyed is insufficient." J.D. v. M.D.F., 207 N.J. 458, 487 (2011) (citations omitted). That is, a plaintiff's subjective reaction to the conduct, standing alone, is insufficient to establish that a defendant acted with improper purpose. Ibid.

Plaintiff testified:

> [Defendant] entered the house maybe 6:00 in the morning, he's running around my bedroom. He's ranting and raving about, you know, I'll get you, I'll make you pay, you'll see what's going to happen. All threats. And it wasn't the first time. There were many before that. There was another time that my daughter actually called the police. She was afraid of him. It's like a bipolar episode every day. It just, that's what led to it.

A-1653-18T2

During this incident, defendant arrived at plaintiff's house at six in the morning, entered her bedroom while she was sleeping—without her permission—and yelled at and threatened her. She further said that "[defendant] doesn't give up calling and leaving [her alone] – then there's phone calls beyond that." Plaintiff also showed the judge messages defendant sent to her, upon which the judge noted:

> So, on the Facebook Messenger, it looks like there . . . [are] seven messages beginning yesterday at 8:06 p.m. "Can you call me? You were nice before, I went down there and now you can't talk. I just got home. This all sucks. Four hours down there. You don't want to talk, fine. Be there at 8:30." Looks like it might be – should have been . . . tomorrow. "It's going to be a long more down time." Then there was a photo that was apparently tagged and sent to [plaintiff] and then two thumbs up text messages. The last one at 12:43, I guess 12:43 this morning.

Relating to the first <u>Silver</u> prong, the judge found plaintiff credible and that defendant harassed her. The judge noted:

> With respect to harassment, the plaintiff has satisfied her burden and demonstrated by a preponderance of the evidence that [defendant] committed harassment under N.J.S.A. 2C:33-4(a), with respect to language likely to cause annoyance or alarm, as well as [N.J.S.A. 2C:33-4(c)], with respect to his course of conduct in entering plaintiff's bedroom and engaging in this behavior.

Specifically, the judge highlighted defendant's behavior towards plaintiff, stating:

> Plaintiff testified about . . . defendant bringing a knife with him to plaintiff's friend's house, and telling [her] ["]I just want to kill you,["] which resulted in the [defendant] being arrested. There is testimony that he violated the prior restraining order and contacted the plaintiff while he was in custody. . . . [D]efendant has threatened to commit suicide as recently as September 2018, which [t]he [c]ourt finds to be an effort by [defendant] to exert . . . control over . . . plaintiff.

There is substantial credible evidence in the record supporting the judge's finding that defendant harassed plaintiff and that plaintiff satisfied the first Silver prong.

B.

To obtain an FRO, plaintiff must show that the FRO is necessary to protect her from defendant. Silver, 387 N.J. Super. at 126-27. At the FRO hearing, plaintiff testified that defendant had a history of harassing behavior. For instance, plaintiff stated:

> He came to a friend's house with a knife. [Defendant] said "[s]ometimes I just want to kill you." There was a police officer there. [My friend] actually called the cops, had [defendant] arrested, and I went and got a restraining order the next day. And [defendant] violated that almost immediately while the police officer was driving him to the station to have him sign papers or whatever they do. And then . . . when they

7

took him to Morris County, he continually called on that phone the entire night. That's what he does. He'll call every [thirty] seconds.

Plaintiff further noted that defendant called her a c*** "many times" and entered her bedroom without her permission, threatening to kill himself.

Plaintiff also described why an FRO was necessary to protect her. She testified that she feared for her safety:

> Because of his extensive drug use. I don't know when he's going to snap. And when the day [comes that I come home and he] come[s] in with that big knife and he uses it. If he calls me 100 times furious and calls all my friends and says all this stuff, I'm going to come to my house one day and he's there.

The judge asked plaintiff to clarify why she feared defendant would use a knife, and plaintiff said defendant hid "big long kitchen [knives]" under her furniture.

Based on this information, the judge held that plaintiff satisfied the second Silver prong. He found that:

> [P]laintiff . . . testified she is fearful of . . . defendant because of his drug use[,] . . . his mental health issues[,] and his constant use of knives and hiding knives under the furniture. So, based on plaintiff's testimony, I find that her life health will be . . . endangered without the entry of the [FRO].

A-1653-18T2

There is substantial credible evidence in the record to support the judge's finding that plaintiff satisfied the second <u>Silver</u> prong, thus satisfying the <u>Silver</u> standard.

Affirm.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1653-18T2